UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK MANN,

    Plaintiff,                                                 Civil Action No. 14-CV-11042

vs.                                                       HON. BERNARD A. FRIEDMAN

SEAN R. O'NEILL, et al.,

    Defendants.
_____/

## ORDER OF DISMISSAL

        This matter is presently before the Court on its own review of the complaint. The Court has granted plaintiff's application to proceed in forma pauperis. While pro se complaints are held to "less stringent standards" than those drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required by statute to dismiss an in forma pauperis complaint if it

> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-28. To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).

        In the present case, plaintiff seeks "release of his BOP Central File, BOP FOIA

Exempt File, both in their entirety" and an order requiring the Bureau of Prisons "to print off each and every computer screen, every subscreen within each screen in the computer file associated with Plaintiff in any way" and "copies of each GroupWise email, regular email, memorandum, Administrative Notes, and any and all handwritten notes referring to Plaintiff by name, inmate number, or any combination thereof." Compl. at 1, 3-4. Plaintiff also seeks hundreds of thousands of dollars in damages.[1]

The only proper defendant in a Freedom of Information Act ("FOIA") complaint is the "agency" which has "improperly withheld [records] from the complainant." 5 U.S.C. § 552(a)(4)(B). Individuals are not proper defendants. *See Batton v. Evers*, 598 F.3d 169, 173 n.1 (5th Cir. 2010). Therefore, the complaint in this matter must be dismissed as to defendants O'Neill, Laird, Watts, Terris, Holder, and Saunders for failure to state a claim.

The only two defendants remaining are the Department of Justice and its Office of Information Policy.[2] However, plaintiff does not allege that these defendants have denied his request(s) for information, and he therefore fails to state any FOIA claim against them. The only

---

[1] Money damages are not available under the FOIA. *See Davis v. Attorney Gen.*, 562 F. Supp. 2d 156, 159 (D.D.C. 2008).

[2] As the Eleventh Circuit explained in *Bonilla v. U.S. Dept. of Justice*, 535 F. App'x 891, 892 (11th Cir. 2013),

> Section 16 of Title 28 of the Code of Federal Regulations contains the rules and procedures that the Department follows in processing records requests under FOIA. 28 C.F.R. § 16.1(a). If a requestor is dissatisfied with the Department's response to a FOIA request, he may appeal to the Department's Office of Information Policy ("OIP"), but the appeal must be in writing and "must be received by the [OIP] within 60 days of the date of the letter denying [the] request." Id. § 16.9(a).

agency alleged in the complaint to have "refused to provide these records," Compl. at 1, is the Bureau of Prisons ("BOP"), and yet the complaint does not name the BOP as a defendant, as it must. *See Dasta v. Lappin*, 657 F. Supp. 2d 29, 30-31 & n.1 (D.D.C. 2009). Nor would any claim have been stated against the BOP if plaintiff had named it as a defendant, as the complaint indicates that the BOP's administrative appeals office had, shortly before plaintiff commenced suit, remanded the request "for further processing" and "for release of responsive records." Compl. at 1, 2. By plaintiff's own admission, the BOP had not finally denied his request but was still processing it at the time plaintiff commenced suit. Therefore, the complaint fails not only because it does not name the BOP as a defendant, but also because it does not allege the BOP finally denied his request or that plaintiff exhausted his administrative remedies – all fatal defects. *See Hidalgo v. F.B.I.*, 344 F.3d 1256, 1258-60 (D.C. Cir. 2003).

The Court concludes that the complaint in this matter fails to state a claim upon which relief can be granted under the Freedom of Information Act. Accordingly,

IT IS ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).


Dated: January 8, 2015　　　　　　　　S/Bernard A. Friedman
　　　　Detroit, Michigan　　　　　　　BERNARD A. FRIEDMAN
　　　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE

3